Reed v. Tousley et al.

### SUPREME COURT OF ERRORS, MAY, A. D. 1792.

#### Reed v. Tousley et al.

Two questions arise on this defense — 1st. Whether on these pleadings it appears that no oxen in fact were taken from the debtor, or delivered to or received by the defendants; and if the contrary appears, then 2d. Whether the residue of the defense is sufficient or not.

As to the first, the defendants having admitted the authenticity of said receipt by which they have acknowledged under their hands, that they have received the oxen, it is incompetent for them, in the same breath to deny that they have in fact received them; they are precluded by way of estoppel to do this; and the contrary principle once admitted would effectually destroy the evidence that arises from all writings whatever, as it would be setting up parol proof, as evidence of a higher nature, than the evidence of writings, and by which the latter might be controlled and set aside; but the law, which in this point is founded in the highest reason, will not admit.

And indeed, though the defendants have in general terms, denied the actual receipt of the oxen, yet they have not done it in a way that the law will notice, for had they meant to avail themselves of this, and it were competent for them to do it, they should have traversed the receipt of the oxen, and put it in issue to the jury, which they have not done, nor has

there been any trial of the fact; it was sufficient for the plaintiff therefore, and indeed all that he could do, to reaffirm the facts as in his declaration; and the defendants by closing the demurrer to the residue of the plea have given up this point, and having admitted the authenticity of the receipt they have effectually admitted, the actual receipt of the oxen.

This being so, the second question arises — Whether the residue of the defendants' plea is sufficient or not; the seeming force of this plea, consists in this, that at the time the plaintiff took the oxen of the debtor, and delivered them to the defendants, the judgment on which the execution issued was completely satisfied and discharged; but still though the creditor was a wrongdoer, in praying out the *alias* execution, and ought to take no benefit of his own wrong; yet the officer was bound to obey his writ issued from a court that had cognizance of the cause, and so far from being a trespasser, in taking the debtor's oxen he did no more than he was bound to do; and consequently such construction must be put upon the whole transaction as will save him from loss and damage.

Now it cannot be doubted, but an officer who takes property on an execution, is bailee of that property for the purposes of law, and must account for it to the creditor in case the judgment is not otherways satisfied, and if it is, to the debtor; and in the event of this case the officer must account for the property to the debtor, the judgment being otherwise satisfied: the circumstance that the debtor was privy to the delivery of the property to the defendants, and that it was done at his request, will not take away the liability of the officer; for the security for the redelivery was taken to the officer, and of which he alone can avail himself; it is not sufficient in this case to say that the property in the oxen was not changed, any more than if taken on an erroneous judgment, and before sale that judgment was reversed, and that consequently the debtor may take his property from the receiptsman, or wherever he may find it, for admit this, it will only prove that he has two remedies, of which he may take at his election; but the officer will not be exonerated until the debtor has obtained satisfaction from the receiptsman, and for a like reason

it will be insufficient to say, that the debtor has his remedy against the creditor, who is the only wrongdoer in this case, and for this additional reason, that he may be a bankrupt and unable to make satisfaction.

This point then, that the officer in this case is liable to the debtor for the property taken, being established, it will follow, by legal consequence that the receiptsmen must be liable to the officer for it, and it would be unreasonable to subject the officer, who has done his duty to the action of the debtor and to cut him off from his remedy against the receiptsmen, especially as this has been long sanctioned by the decisions of law.